UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ERNESTINE L.[1], )
                                    )
    Plaintiff, )
                                    )
  v. )    CIVIL NO. 1:21cv139
                                    )
KILOLO KIJAKAZI, Acting )
Commissioner of Social Security, )
                                    )
    Defendant. )

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423(d), and for Supplemental Security Income under Title XVI of the Act. 42 U.S.C. § 1383(c)(3). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

2

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2017. (Exhibit C8D).

2. The claimant has not engaged in substantial gainful activity since February 18, 2016, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, mild scoliosis/degenerative disc disease of the thoracic spine, status post left shoulder fracture/mild osteoarthritis of the left shoulder, osteoarthritis of the right knee, and obesity. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally climb ramps and stairs, she can never climb ladders, ropes, or scaffolds, she can occasionally balance, stoop, kneel, crouch and crawl, and she cannot reach overhead with the bilateral upper extremities.

6. The claimant is capable of performing past relevant work as a housekeeper DOT 301.137-010, SVP 3, light as she performed it; and bus driver DOT 913.463-010, SVP 4, light as she performed it. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965). (Exhibit C5E-C7E, C14E).

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 18, 2016, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 14-19).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on September 24, 2021. On December 8, 2021 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff

replied on December 22, 2021. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 4 was the determinative inquiry.

Plaintiff was born on May 15, 1960 (Tr. 285, 294). She was fifty-five years old on her alleged onset date and considered a person of advanced age. 20 C.F.R. §§ 404.1563(e), 416.963(e). On May 15, 2020, Plaintiff turned sixty years old and became a person closely approaching retirement age. *Id*.

Plaintiff has an eleventh grade education and has worked intermittently as a bus driver, office cleaner, and residential housekeeper (Tr. 321-328). Her date last insured was June 30, 2017 (Tr. 314).

Plaintiff alleged disability beginning on February 18, 2016, due to arthritis, high blood pressure, high cholesterol, type II diabetes, bulging discs, degenerative disc disease, and bone-on-bone in right knee (Tr. 367).

As noted above, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, mild scoliosis/degenerative disc disease of the thoracic spine, status post left shoulder fracture/mild osteoarthritis of the left shoulder, osteoarthritis of the right knee, and obesity (Tr. 15). She further concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with no more than occasional balancing, stooping, kneeling, crouching, or crawling and no reaching overhead (Tr. 16).

Based on a hypothetical consistent with this RFC, the VE testified that Plaintiff could return to her position as a housekeeper, as she performed that job (Tr. 51-52). However, the ALJ ruled that Plaintiff could return to her past jobs as a housekeeper and as a bus driver (Tr. 18).

In support of remand, Plaintiff first argues that the ALJ erred in her Step Four finding that Plaintiff could perform her past relevant work. At step four of the sequential evaluation, the ALJ must determine whether the claimant, despite her work-related limitations, can perform her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). In making this determination, the ALJ may obtain the services of a VE to offer relevant evidence concerning the physical and mental demands of the past relevant work, which may be helpful in supplementing or evaluating the accuracy of the Plaintiff's description of her past work. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). A VE may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the Plaintiff's medical impairments can meet the demands of the Plaintiff's previous work, either as the

claimant actually performed it or as generally performed in the national economy. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). In order for work to be considered past relevant work, it must have been performed within the last fifteen years, it must have been performed long enough to learn the job, and it must be performed at the level of substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.965(a).

In the present case, the ALJ found that Plaintiff was capable of performing her past relevant work as a housekeeper and a bus driver as these jobs are actually performed (Tr. 19). The ALJ explained that these jobs are past relevant work because they were done during the period at issue, they were done long enough for Plaintiff to learn to do them, and they were done at substantial gainful activity levels (Tr. 20). The ALJ also explained that she relied on the VE testimony and analysis in reaching this finding (Tr. 19).

Plaintiff argues that the ALJ erred in finding that she could perform the job of bus driver because the VE testified that Plaintiff could only return to her past relevant work as a housekeeper and didn't include bus driver as a job Plaintiff could perform. However, as the Commissioner notes, any error in the ALJ's finding that Plaintiff could also perform the job of bus driver is harmless because the VE testified that Plaintiff could perform the job of housekeeper, which is consistent with the ALJ's finding (Tr. 16, 51-52). Administrative adjudications, including those of the Commissioner, are subject to a harmless error rule in which reversal on account of error requires a determination of prejudice. *See Shinseki v. Sanders*, 556 U.S. 396, 497-10 (2000). The burden is on the party claiming error to demonstrate not only the error, but that prejudice resulted. *Shinseki*, 556 U.S. at 409-10. Here, it is clear that the error is harmless as even without the bus driver job, Plaintiff was found to be able to perform the housekeeper job.

Plaintiff also argues that the ALJ erred in finding that she could perform her past relevant work as a housekeeper because it did not qualify as past relevant work. Specifically, Plaintiff argues that the job of housekeeper was not performed at the level of substantial gainful activity. The Commissioner points out that Plaintiff reported in her Work History Report that she was employed as a housekeeper from June 1, 2008 through June 1, 2010 (Tr. 321). In a Report of Contact, Plaintiff reported that she worked a housekeeper for an office building from June 2008 through May 2010, and that she did not work from April 4, 2004 through May 2008 (Tr. 338). Plaintiff did not report any other employment during this period (Tr. 321).

Plaintiff's earnings information indicates that she earned $5,594.00 from Davis Staffing and $1,359.00 in self-employment earnings in 2008 (Tr. 308). The Commissioner concludes that Plaintiff earned a total of $6,953.00 for her work as a housekeeper during the seven months in 2008 that she performed this job (Tr. 308, 338). This is an average of $993.28 per month ($6,953.00/7). In 2008, the monthly substantial gainful activity amount was $940.00. Thus the Commissioner contends that Plaintiff's earnings in 2008 were above the threshold for substantial gainful activity.

Plaintiff acknowledges that she earned $6953.00 from her job as a housekeeper in 2008 but points out that her earnings record indicates that her 2008 earnings arose from work she performed beginning in January 2008 since she obtained four quarters of coverage for that year; confirming that at least some of her earnings arose before April of 2008 (Tr. 315), and not just in June through December as the Commissioner contends. Plaintiff argues that when the earnings of $6953.00 are properly considered against the full year of employment, her earnings were about $580.00 per month and well below the substantial gainful amount of $940.00 per month.

7

Plaintiff acknowledges that she reported working as a housekeeper from June 2008 through June 2010, but this was based only on her personal recollection (Tr. 321-328). Plaintiff asserts that it is entirely reasonable that she was unsure of the exact dates during which she was employed as a housekeeper, since it was ten years prior to her application date (Tr. 12, 284-295, 321). For example, her earnings record showed no meaningful income in 2010, despite her report of working for at least 5 months in 2010 (Tr. 308, 313).

As this issue is more properly resolved at the Agency level, the Court will remand on this point.

There is also an issue regarding whether the job identified in the Dictionary of Occupational Titles (DOT) 301.137-010 is similar to the tasks Plaintiff performed as a housekeeper. Plaintiff argues that while the occupation at DOT § 301.137-010 is a position that deals with domestic house cleaning, there is nothing in the description of that position that was even remotely similar to the tasks that Plaintiff reported performing in her cleaning positions. Plaintiff also points out that her position as an office cleaner was lumped together with her house cleaning positions by the VE and ALJ. The Commissioner, however contends that any discrepancy on this point is immaterial because the ALJ found that Plaintiff could perform her past relevant work as she actually performed it, not as usually performed, and thus the DOT description of the job is irrelevant.

Plaintiff correctly notes that in some cases errors in classification of past relevant work might be harmless but here, because Plaintiff was over fifty-five years old and considered an individual of "advanced age" on her onset date (Tr. 285, 294), the issue is crucial. 20 C.F.R. §§ 404.1563(e), 416.963(e). When an individual of is of "advanced age," the nature of past relevant

8

work is of particular importance because the Agency considers age to be an "increasingly limiting factor" in an individual's ability to adjust to other work. POMS DI 25015.005C. When an individual is of "advanced age" and limited to light work, they will be found not disabled and denied benefits only if they could perform their past relevant work or have skills transferable to other jobs in the national economy. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.02. For a person of "advanced age," it is critical that the past relevant work be accurately identified because a disability decision will turn on whether a claimant can perform that specific occupation.

Here, the VE testified that DOT 301.137-010 was a medium, semi-skilled occupation with an SVP of 3 (Tr. 51). Plaintiff contends that DOT 301.137-010 is a light, skilled occupation with an SVP of 6.  Again, this is an issue for the Agency to resolve on remand.

Next, Plaintiff argues that the appointment of Andrew Saul as the single Commissioner of the Social Security Administration who was removable only for cause and would serve a longer term than that of the President violates the separation of powers doctrine.  As this Court has determined that remand is required on the above substantive issues, the Court will invoke the doctrine of constitutional avoidance and not reach the constitutional issue. *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936); *United States v. Orona-Ibarra*, 831 F.3d 867, 876 (7th Cir. 2016); *Taffy v. Commissioner of Social Security*, No. C-21-5146, 2021 WL 4988717, at *6 (W.D. Wash. Oct. 27, 2021).

Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: January 12, 2022.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court